# STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## COUNTY OF DUPAGE

| | | |
|---|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY | ) ) | |
| Plaintiff, | ) | Court NO: |
| v. | ) ) | |
| BUTTERFIELD HEALTH CARE GROUP, INC. | ) ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES, Plaintiff, NATIONAL FIRE & MARINE INSURANCE COMPANY, by and through its attorneys, Gunty & McCarthy, hereby brings this action against Defendant, BUTTERFIELD HEALTH CARE GROUP, INC. and for its complaint against Defendant, states as follows:

### PARTIES

1. National Fire & Marine Insurance Company ("Plaintiff") is a Nebraska Corporation with its principal place of business in Omaha, Nebraska.

2. Upon information and belief, Defendant Butterfield Health Care Group, Inc. ("Defendant") is an Illinois Corporation with its principal place of business in Naperville, Illinois.

### GENERAL ALLEGATIONS

1. Plaintiff is an insurance company that provides various types of insurance policies to customers.

2. Defendant obtained Senior Care Primary Liability Policy coverage through Plaintiff with the following policies:

 a. 42-PSC-302111-01 effective 12/12/2015 to 12/12/2016 (hereinafter "policy 01")

 b. 42-PSC-302111-02 effective 12/12/2016 to 12/12/2017 (hereinafter "policy 02")

 c. 42-PSC-302111-03 effective 12/31/2017 to 12/31/2018 (hereinafter "policy 03").

3. Between December 12, 2015 and December 12, 2016, Defendant made claims under Policy 01 and these claims were determined to fall within in the provisions of the policy and were paid by Plaintiff.

4. Between December 12, 2016 and December 12, 2017, Defendant made claims under Policy 02 and these claims were determined to fall within in the provisions of the policy and were paid by Plaintiff.

5. Between December 31, 2017 and December 31, 2018, Defendant made claims under Policy 03 and these claims were determined to fall within in the provisions of the policy and were paid by Plaintiff.

6. Policy 01 contains Endorsement 3 entitled Deductible Liability Insurance. Section B. E. states: "We may pay any part or all of the applicable deductible amount to effect settlement of any 'claim' or 'suit' and upon, notification of the action, you shall promptly reimburse us for each such part of the deductible amount as has been paid by us."  See Exhibit A

7. Policy 02 contains Endorsement 7 that contains the same language as in paragraph 6. See Exhibit B

8. Policy 03 contains Endorsement 5 that contains the same language as in Paragraph 6. See Exhibit C

9. Defendant owes $346,683.01 in reimbursement for policy 01.

10. Defendant owes $304,559.90 in reimbursement for policy 02.

11. Defendant owes $154,855.43 in reimbursement for policy 03.

12. Defendant has failed to reimburse Plaintiff in the amount of $806,098.34.

13. Plaintiff has notified Defendant that it was in breach of the policies and demanded payment of the full outstanding amount. See Exhibit D

14. Defendant has ignored Plaintiff's demand and refused to pay the outstanding amount.

## COUNT 1
## BREACH OF CONTRACT

15. Plaintiff incorporates by reference and restates all allegations above.

16. The insurance agreements from 2015 through 2018 were a binding contract entered into by Plaintiff and Defendant.

17. Plaintiff fully performed its obligations by providing insurance coverage to Defendant.

18. As set forth above, Defendant breached these contracts by refusing to reimburse Plaintiff the deductible as it was contracted to do per the agreements.

19. As a direct and proximate cause of the Defendant's breaches of the contract, Plaintiff has sustained damages in the amount of $806,098.34, exclusive of interest, costs, and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgement in its favor and against Defendant in the amount of $806,098.34, in addition to costs, interest, attorney's fees, and such other alternative relief as this Court may deem just and equitable.

## COUNT II
## ACCOUNT STATED

20. Plaintiff incorporates by reference and restates all allegations above.

21. Defendant is currently indebted to Plaintiff in the amount of $806,098.34, exclusive of costs, interest and attorney's fees, which is evidenced by the repeated requests for payment from Plaintiff to Defendant. See Exhibit D

22. Despite repeated demands from Plaintiff, Defendant has failed and refused to satisfy indebtedness.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgement in its favor and against Defendant in the amount of $806,098.34, in addition to costs, interest, attorney's fees, and such other alternative relief as this Court may deem just and equitable.

## COUNT III
## ALTERNATIVE CLAIM OF UNJUST ENRICHMENT

23. Plaintiff incorporates by references and restates all allegations above.

24. Plaintiff insured Defendant and paid on claims that were made by Defendant.

25. Defendant received a direct benefit from receipt of services provided by Plaintiff.

26. To date, Defendant has failed to pay Plaintiff for those services.

27. It would be inequitable to allow Defendant to retain the benefit of the value of those services without paying Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgement in its favor and against Defendant in the amount of $806,098.34, in addition to costs, interest, attorney's fees, and such other alternative relief as this Court may deem just and equitable.

Respectfully Submitted,

   /s/ Catherine L. Carlson
One of the Attorneys on Behalf of Plaintiff

James P. McCarthy
Catherine L. Carlson
Gunty & McCarthy
150 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Phn: (312) 541-0022 /Fax: (312) 541-0033
Jim.mccarthy@guntymccarthy.com
ccarlson@guntymccarthy.com